**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID LEE ROBINSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TEMPLE UNIVERSITY** | : | |
| **HEALTH SERVICES, et al.** | : | **NO. 11-4667** |

<u>**MEMORANDUM OPINION**</u>

Savage, J.                                                                                                    April 23, 2012

Plaintiff David Lee Robinson brought this *pro se* action alleging that Temple University Health Services, Temple University Physician, Inc., Temple Professional Associates, Temple University Physicians and Temple University Hospital (collectively, "defendants") denied him proper medical care while he was a patient of Temple University Hospital in August, 2004.  Although he filed his action under 42 U.S.C. § 1983, the cause of action stated in his complaint is for professional malpractice under state law.

The defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). They argue that Robinson's failure to file a certificate of merit from a licenced physician, as required by Pennsylvania law in professional negligence actions, is fatal to his claim.  Before we reach the issue of whether the complaint survives the defendants' Rule 12(b)(6) motion, we must determine if we have subject matter jurisdiction.

After reviewing Robinson's complaint, we conclude that there is no federal question presented.  In the absence of federal question jurisdiction, diversity jurisdiction is the only basis for jurisdiction.  Because the complaint does not allege that the parties are diverse, we must dismiss the action for lack of jurisdiction.

**Background**

Robinson's complaint, read liberally in light of his *pro se* status, alleges that he was treated at Temple University Hospital on August 18, 2004, after he fell from the roof of a three-story building.  His injuries included fractures to his ankle and hip.  His ankle was placed in a cast.  He remained at Temple University Hospital until his release on August 31, 2004.

About five-years later, medical staff at the United States Penitentiary-Canaan took X-ray images of Robinson's ankle. Those images revealed the presence of an *os trigonum*, a condition characterized by the growth of an extra bone behind the ankle bone. *Os trigonum* syndrome is commonly caused by an ankle injury.  One of the symptoms is pain while walking.[1]

Robinson filed his complaint on July 25, 2011, attaching medical records and information describing his condition. He alleges that had hospital staff diagnosed and properly treated his *os trigonum* in 2004, he would not now suffer pain and inflammation. He complains that he can stand for only short periods and cannot engage in extended physical activities. He contends that his physical condition, coupled with his status as a convicted felon, will make it difficult for him to find employment.  Consequently, he requests monetary damages.

Robinson, using this district's form Section 1983 civil rights complaint, impliedly alleges that we have subject matter jurisdiction over this action based upon federal question jurisdiction under 28 U.S.C. § 1331.  He does not assert diversity jurisdiction

---

[1] These medical descriptions come from Robinson's complaint and attached exhibits.

under 28 U.S.C. § 1332.  Nevertheless, given his *pro se* status, we shall consider whether there is diversity of citizenship.

## Discussion

Federal courts are obliged to address subject matter jurisdiction *sua sponte*. *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).  If the court lacks subject matter jurisdiction, it must dismiss the complaint because it lacks the power to hear the case.  Fed. R. Civ. P. 12(b)(1); *Constitutional Guided Walking Tours, LLC v. Independence Visitor Ctr. Corp.*, 804 F. Supp. 2d 320, 326 (E.D. Pa. 2011) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  Therefore, though no party has raised the issue of subject matter jurisdiction, we must, as a threshold matter, determine if the exercise of jurisdiction is proper before reaching the merits of the dispute.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (holding that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *accord Tristani ex rel. Karnes v. Richman*, 652 F.3d 360, 364 (3d Cir. 2011).

*Federal Question Jurisdiction*

By purporting to bring a § 1983 claim against the defendants, Robinson invokes federal question jurisdiction under 28 U.S.C. § 1331.  To state a § 1983 claim,[2] a plaintiff must allege facts, which if proven, would establish: (1) the deprivation of a right secured

---

[2] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

by the Constitution or the laws of the United States; and (2) that the person depriving plaintiff of the right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted).

To the extent that Robinson alleges a constitutional injury, his claim fails.  Rather than alleging a constitutional injury, Robinson asserts a medical malpractice claim that sounds in negligence.  *Estelle v. Gamble*, 429 U.S. 97, 106 and n. 14 (1976) (holding that medical malpractice is not a cognizable constitutional violation); *see also Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976) ("Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts.").

Though the allegations set forth in Robinson's complaint may state a claim for medical malpractice under state law, they do not rise to the level of a constitutional violation remediable under § 1983.  Therefore, we need not reach the issue of whether Temple University Hospital acted under color of state law while treating Robinson.

*Diversity Jurisdiction*

In the absence of federal question jurisdiction, we consider whether there is subject matter jurisdiction based on the diversity of the parties' citizenship.

In order for a federal court to exercise diversity jurisdiction, the parties must be "citizens of different States" at the time the complaint was filed.  28 U.S.C. § 1332(a)(1); *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citations omitted).  The plaintiff bears the burden of pleading the existence of jurisdiction.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).  He must allege each party's citizenship.  *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999).

4

Residency does not establish citizenship. *Emerald Inventors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 207 n. 24 (3d Cir. 2007) (quoting *Martinez v. Bynum*, 461 U.S. 321, 338-39 (1983). Citizenship is determined by the party's domicile, which is the place the party intends to make his home. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)).

A prisoner's domicile is presumed to be where he was domiciled prior to his incarceration, not his place of imprisonment. *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). In order to overcome this presumption, a prisoner must show "a *bona fide* intent to remain in the state of incarceration on release." *Id.* (citations omitted). In other words, a prisoner's domicile does not change when he is incarcerated.

Robinson's 2004 medical records reveal his address to be in Philadelphia, Pennsylvania. He was an inmate at FCI-Fairton in New Jersey when he commenced this action. His complaint does not allege his or the defendants' states of citizenship. Hence, his complaint does not allege diversity of citizenship.

## Conclusion

Because we lack subject matter jurisdiction, we shall dismiss the complaint.[3]

---

[3] Robinson is not precluded from pursuing his action in the Pennsylvania state court. Notwithstanding the statute of limitations, Robinson may file an action in the Philadelphia Court of Common Pleas provided he promptly files a certified transcript of the federal court's judgment and pleadings filed in the case. *See* 42 Pa Cons. Stat. Ann. § 5103(b); *Kelly v. Hazleton General Hosp.*, 837 A.2d 490, 493-94 (Pa. Super. 2003); *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) (explaining that § 5103 "serves to toll the statute of limitations only for those claims that have been dismissed by a federal court for lack of jurisdiction").

Mindful of his *pro se* status, we shall grant Robinson leave to file an amended complaint.[4]

---

[4] If Robinson files an amended complaint, the defendants may renew their motion to dismiss for lack of compliance with Pa. R. Civ. P. 1042.3.  They may do so by merely incorporating the earlier action by reference.