# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE ROBINSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TEMPLE UNIVERSITY** | : | |
| **HEALTH SERVICES,** *et al.* | : | **NO. 11-4667** |

## MEMORANDUM OPINION

**Savage, J**                                                                               **June 7, 2012**

      After reviewing plaintiff David Lee Robinson's complaint, we determined that there was no federal question subject matter jurisdiction under 28 U.S.C. § 1331, and that there were insufficient allegations to establish a basis for diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[1]  Rather than dismissing the action, we allowed Robinson to file an amended complaint in an attempt to cure any deficiencies.[2]

      Robinson's amended complaint does not establish that the parties' citizenship is diverse.  On the contrary, his allegations show that he and the defendants are, for diversity jurisdiction purposes, all Pennsylvania citizens.  Thus, we shall dismiss this action for lack of subject matter jurisdiction.

      Robinson does not dispute that he is a Pennsylvania citizen.  Prior to his incarceration, his domicile was in Pennsylvania.  The hospital records and subsequent medical bills reflect that he had a Philadelphia address.  Although incarcerated in New Jersey, he is presumed to be a citizen of Pennsylvania unless he shows a bona fide intent to remain in his state of incarceration upon his release.  *Pierro v. Kugel*, 386 F.

---

[1] *See* Mem. Op., Apr. 23, 2012 (Doc. 40).

[2] *See* Order, Apr. 23, 2012 (Doc. 41).

App'x 308, 309-10 (3d Cir. 2010) (citing opinions from the Second, Sixth, Seventh, Eighth, and Tenth Circuits). Robinson does not contest that he was a Pennsylvania citizen before his incarceration. Nor does he assert that he intends to remain in New Jersey after being released.

Robinson does not allege what his intended domicile will be upon his release from prison. He claims he is a permanent resident of the United States Bureau of Prisons ("BOP") because he has almost three years remaining on his sentence and is subject to further incarceration in the event his supervised release is revoked. Contrary to his belief, the BOP is neither a state nor a territory.

Robinson contends that the defendants are not Pennsylvania citizens. He does not challenge that each defendant is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. He erroneously believes that we must consider the citizenship of companies that do business with the defendants, the defendants' employees and board members to determine the citizenship of the corporate defendants. Pennsylvania citizenship of any one of the defendants is fatal to his diversity claim. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).

Robinson names Temple University Health Services; Temple University Physicians, Inc.; Temple Professional Associates; Temple University Physicians; and Temple University Hospital as defendants. He does not make any allegation in his complaint, the amended complaint or in his various submissions that any of the defendants themselves were incorporated or have their principal places of business in any state other than Pennsylvania. Indeed, Temple University Hospital is a citizen of

Pennsylvania for the purposes of diversity jurisdiction.  *See St. Paul Fire & Marine Ins. Co. v. Temple Univ. Hosp.*, 57 F. App'x 128, 131 (3d Cir. 2003) (finding that Temple University Hospital was a citizen of Pennsylvania for the purposes of diversity jurisdiction).  Accordingly, at least one of the defendant's citizenship is the same as Robinson's.

      Because there is a lack of diversity of citizenship and no federal question is presented, there is no basis for subject matter jurisdiction.  Therefore, we shall dismiss the amended complaint.